**Elizabeth M. Schneider, Defendant in Error, v. Chicago Vulcanizing Company, Plaintiff in Error.**

**Gen. No. 15,268.**

CORPORATIONS—*what ultra vires.* A commercial and manufacturing corporation has no power to pledge its property or issue its accommodation paper for the payment of or as security for an individual debt of another person in which it has no interest and for which it is in no wise responsible.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of facts. Opinion filed February 14, 1911.

TINSMAN, RANKIN & NELTNOR, for plaintiff in error.

ADKINSON & HIBBEN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Defendant in error, plaintiff below, sued the plaintiff in error on the following note:

"June 6th, 1908.

Received of Martin E. Hon three hundred and fifty dollars, for value received, which we agree to repay on or before June 25th, 1908.

CHICAGO VULCANIZING COMPANY,

$350.00                H. W. TERRIERE,

Pres."

The instrument was endorsed as follows: "Pay to the order of Miss E. M. Schneider.

MARTIN E. HON."

On the trial the plaintiff below offered in evidence the note and endorsement thereof and rested her case.

The evidence for the defendant showed that the note was given for a balance of a commission account due from Terriere to Hon; that the Chicago Vulcanizing Company received no consideration for the note of any nature or kind, and never authorized Terriere to execute it; that the note was assigned to defendant in error after its maturity, and that she had full notice of the want of consideration to the maker before the assignment was made to her, and took the note with full notice that its execution was without the scope of the powers of the plaintiff in error. No evidence in rebuttal was offered.

Two questions are thus presented on the record: (1) the entire absence or want of any consideration for the note sued on, and (2) the note, being for the individual and personal debt of Terriere, was outside the object of the corporation and beyond the powers conferred upon it as shown by its charter.

In our opinion upon the evidence in the record there was no consideration for the note moving to the plaintiff in error. The note was made solely for the use and benefit of Terriere, doing business under the name of the Northern Motor Car Company. No recovery can be had on the note as against plaintiff in error for the reason that the defense of no consideration with notice to defendant in error is fully established by the evidence.

We further think that the making of the note was an *ultra vires* act on the part of plaintiff in error. [A commercial and manufacturing corporation has no power to pledge its property or issue its accommodation paper for the payment of or as security for an individual debt of another person in which it has no interest and for which it is in no wise responsible.] Wheeler v. Home Savings Bank, 188 Ill. 34; Central Trans. Co. v. Pullman P. C. Co., 139 U. S. 24. The note was void as against plaintiff in error.

The judgment of the trial court is reversed with a finding of fact.

*Reversed with finding of fact.*